IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01278-PSF-BNB

DAVID B. FRIEDEL,

Plaintiff,

v.

MOUNTAIN VIEW FIRE PROTECTION DISTRICT, and
JOHN DEVLIN, MVFPD Fire Chief, in his individual and official capacity,

Defendants.

_____

**ORDER**
_____

This matter is before me on the parties' **Stipulated Motion for Protective Order** (the "Motion"), filed August 6, 2002. The Motion is DENIED. The parties are granted leave to submit a revised motion and proposed protective order consistent with the comments contained here.

First, the parties have combined in a single document their motion and the proposed protective order. They must file two documents: (1) a motion for protective order; and (2) the proposed protective order to be entered by the court.

In addition, in Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386. In addition, I require that the protective

order contain a mechanism by which a party may challenge the designation of information as privileged.  The addendum to the Gillard decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed protective order does not comply with the requirements established in Gillard.  Specifically, at paragraph 11 of the proposed protective order, the parties improperly impose on the receiving party the obligation to file an objection to the designation of material as Confidential.  To the contrary, and as Gillard makes clear, the burden always rests with the party seeking protection to file a motion for protective order.

IT IS ORDERED that the Motion is DENIED.

2

Dated November 20, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge