IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01278-PSF-BNB

---

DAVID B. FRIEDEL,

    Plaintiff,

v.

MOUNTAIN VIEW FIRE PROTECTION DISTRICT, and
JOHN DEVLIN, MVFPD Fire Chief
in his individual and official capacity,

    Defendants.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

This Court, upon the parties' Renewed Stipulated Motion for Protective Order, and being fully apprised in the premises, hereby GRANTS the parties' Renewed Stipulated Motion for Protective Order, and orders the following:

1. This Protective Order governs the use and handling of certain documents, exhibits and testimony produced or provided by the parties in the above captioned litigation ("Case"), whether in response to a discovery request or otherwise.

2. A party may designate material or information as CONFIDENTIAL INFORMATION after he or it makes a good faith determination that the material or information includes or constitutes (a) a nonpublic trade secret, (b) proprietary or confidential research, development, personnel, financial, personal, tax, customer, or commercial information, or (c) information that the party is under a duty to maintain in

3510

confidence. This CONDIFENTIAL INFORMATION shall include the performance evaluations of certain individuals who are not part of this litigation, including Mark Lawley and Hub Albrant, whose evaluations were attached to an investigative report produced by Mountain States Employment Council during an investigation that took place prior to this Case, and disclosed during the course of this Case. Any information designated by a party as confidential must first be reviewed by the party's attorney, and the designation as CONFIDENTIAL INFORMATION must be based on a good faith belief that the information is confidential or otherwise entitled to protection.

3. With respect to CONFIDENTIAL INFORMATION contained in documents and things, the party producing, disclosing or responding (the "Responding Party") shall visibly stamp or mark each and every separate page or item of CONFIDENTIAL INFORMATION, regardless of form, with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" without covering any text or other content of the document or thing.

4. With respect to CONFIDENTIAL INFORMATION furnished in the form of deposition testimony, the Responding Party shall appropriately designate such CONFIDENTIAL INFORMATION on the record at the time the testimony is taken or in writing within seven days of receipt of the transcript of such deposition testimony.

5. With respect to CONFIDENTIAL INFORMATION furnished in the form of written discovery responses, the Responding Party shall appropriately designate such CONFIDENTIAL INFORMATION next to or above the response without covering the text of the response.

6.  If testimony is designated as CONFIDENTIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain CONFIDENTIAL INFORMATION shall bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

7.  Any Party wishing to file CONFIDENTIAL INFORMATION with the Court shall comply with ~~all rules governing the filing of motions to seal in the Case.~~ D.C. COLO. LCivR 7.2 and 7.3.

8.  The party receiving the CONFIDENTIAL INFORMATION ("Receiving Party") and its counsel shall not (unless directed or permitted by the Court or another court having competent jurisdiction) disclose the Responding Party's CONFIDENTIAL INFORMATION, except as otherwise provided herein, to any person other than:

(i) The Court, court personnel, court reporters, and persons operating video recording equipment at depositions in this action.

(ii) Counsel who have appeared of record for a party in this action; partners, associates, legal assistants, or other employees of such counsel assisting in the prosecution or defense of this action; and in-house attorneys of any corporate party assisting in the prosecution or defense of this action.

(iii) Deposition or trial witnesses in the Case and their counsel, and outside experts or consultants (and their employees) employed or retained by any party or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Case; provided, however, that prior to disclosing CONFIDENTIAL INFORMATION to any person specified in this subdivision "(iii)," the Receiving Party and its counsel shall first inform such person of the terms of this Stipulated Protective

3

Order, shall give such persons a copy of this Stipulated Protective Order, and shall obtain the written agreement of such persons, in the form of the Declaration attached hereto, that they will be bound by this Stipulated Protective Order; and provided further that the Declaration of each such person shall be maintained by counsel authorizing the disclosure. The Declarations of persons identified as experts pursuant to Fed.R.Civ.P. 26(a)(2) may be inspected by counsel for the other Party upon reasonable request. The Declarations of all other persons may be inspected by counsel after the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals). Inspection will not be required if to do so would reveal information protected by the attorney-client privilege or the work product doctrine.

(iv) Any mediator in this action.

This Stipulated Protective Order shall not apply to any disclosure if (1) prior written consent to such disclosure has been obtained from counsel for the Responding Party, or (2) permission for such disclosure has been given by the Court or another court having competent jurisdiction. Depositions in which CONFIDENTIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in this Paragraph, and pursuant to the requirements of this Paragraph. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION may be offered in evidence at trial or at any Court hearing.

9. No copies of CONFIDENTIAL INFORMATION shall be made except by or on behalf of counsel for one of the parties for work product purposes or for review by experts or consultants in the Case who have executed the Declaration attached

hereto. Any such copies shall be made and used solely for purposes of the Case.

10. During the pendency of the Case, counsel shall retain custody of CONFIDENTIAL INFORMATION and all copies made therefrom pursuant to Paragraph 9 above.

11. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL INFORMATION to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL INFORMATION.

12. The inadvertent or unintentional disclosure of CONFIDENTIAL

5

INFORMATION to the Requesting Party shall not preclude the Responding Party from later designating such information as "CONFIDENTIAL INFORMATION," provided that it shall not be considered a violation of this Order to disclose such undesignated CONFIDENTIAL INFORMATION any time prior to the Responding Party's designation of such information as "CONFIDENTIAL INFORMATION." In the event that the Responding Party inadvertently fails to stamp or otherwise to designate information as "CONFIDENTIAL INFORMATION" at the time of its disclosure, the Responding Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as "CONFIDENTIAL INFORMATION."

13.  Unless the parties agree otherwise, CONFIDENTIAL INFORMATION shall not be filed with or referred to in documents filed with the Court, other than in one of the following three manners: (i) in a generic manner that does not permit identification of specific confidential information contained within the CONFIDENTIAL INFORMATION; (ii) on the public record, pursuant to Paragraph 8 above; or (iii) under seal pursuant to Paragraph 7 above.

14.  In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

15.  CONFIDENTIAL INFORMATION shall be used by the Receiving Party only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Accordingly, the Receiving Party shall not use, permit, encourage, or

allow any other person to use any CONFIDENTIAL INFORMATION, or any information contained therein, for any purpose whatsoever except for the Case, in accordance with this Stipulated Protective Order. It is specifically understood that the Receiving Party shall not use or permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION to achieve economic gain, to compete with, or to cause economic harm to the Responding Party.

16. In the event the Receiving Party receives a subpoena (or other lawful and enforceable order issued by any court or agency having competent jurisdiction) regarding or requiring the production of any CONFIDENTIAL INFORMATION, that party shall provide prompt written notice of such subpoena or request to the Responding Party, who may contest such subpoena or request for any CONFIDENTIAL INFORMATION subject to the provisions of this Stipulated Protective Order, or may otherwise take whatever lawful measures are necessary and appropriate to protect the Responding Party's interests in the confidentiality of such material. The Receiving Party shall reasonably cooperate with the Responding Party in its efforts to protect the CONFIDENTIAL INFORMATION from disclosure, provided that this Order shall not be interpreted to preclude the Receiving Party from complying with any such subpoena or lawful order that has not been quashed or set aside.

17. Except as otherwise agreed in writing by the parties, within forty-five (45) days of the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals), the Receiving Party and its counsel shall exercise their best efforts to ensure

that all CONFIDENTIAL INFORMATION in the possession of the Receiving Party or any agents or independent contractors thereof, and all copies thereof, produced by the Responding Party or otherwise obtained from the Responding Party, shall be promptly returned to the Responding Party, or, at the written request of the Responding Party, destroyed. If the CONFIDENTIAL INFORMATION is destroyed, the Receiving Party's counsel shall provide the Responding Party's counsel with a certificate identifying the CONFIDENTIAL INFORMATION so destroyed, without disclosing its contents.

18. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by a Party or a witness that any particular material or information is, or is not, confidential. Any Party may request that the Court modify or otherwise grant relief from any provision of this Protective Order, provided that the opposing Party has a full and fair opportunity to present its position to the Court with regard to the relief requested.

19. This Protective Order is entered into solely for purposes of facilitating the exchange of documents and information between the parties to this action. Nothing in this Protective Order shall operate as an admission or assertion by any party that any particular Material is, or is not, admissible in evidence. Nothing in this Order shall be interpreted to preclude or to limit any party or witness from making and pursuing objections to relevancy, admissibility, or discovery regarding any material, or from making and pursuing any other objection authorized by applicable rule, law, order, or statute.

20. Material produced by any party or a witness prior to the entry of this

Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced.

21. Nothing in this Protective Order shall be interpreted to prevent or to restrict the parties from using or disclosing its own material (including its own CONFIDENTIAL INFORMATION) in any manner whatsoever.

22. Nothing in this Protective Order shall be construed as a waiver of any rights by any party or a witness with respect to matters not specifically provided for herein, including, but not limited to, a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege or similar doctrine.

23. This Protective Order shall survive the termination of the Case.

24. By signing below, counsel represent and warrant that they have discussed this Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Protective Order. In the event that additional individuals or entities become parties to the Case, such parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION, or any portion thereof.

25. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

BY THE COURT:

_____  4/27/07
United States Magistrate Judge