IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01278-PSF-BNB

DAVID B. FRIEDEL,

Plaintiff,

v.

MOUNTAIN VIEW FIRE PROTECTION DISTRICT, and
JOHN DEVLIN, MVFPD Fire Chief, in his individual and official capacity,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants' Motion for Clarification Regarding Order on Defendants' Motion to Strike** [Doc. # 70, filed 6/21/2007] (the "Motion for Clarification"). The Motion for Clarification is GRANTED, but the request for award of fees and costs is DENIED.

I previously denied the Defendants' Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Disclosure [Doc. # 63, filed 5/21/2007] (the "Motion to Strike"), finding that although the plaintiff's late disclosure of expert opinions may have caused some surprise to the defendants, that surprise is easily cured by allowing additional discovery; the late opinions will not interfere with the court's docket; and there is indication of bad faith or willfulness by the plaintiff. See Summers v. Missouri Railroad System, 132 F.3d 599, 604 (10th Cir. 1997). The defendants argue that I failed to rule on their collateral request for fees and costs which they will incur in deposing the plaintiff's expert, stating that they "will be prejudiced by having to expend time and money to depose Chief Crawford to learn what should have been disclosed in Chief Crawford's report,

pursuant to Fed. R. Civ. P. 26(a)(2)." *Motion for Clarification*, at ¶3.

First, I disagree with the defendants' assertion that I failed to on their request for fees and costs. To the contrary, I denied the Motion to Strike in its entirety. To the extent that there is any uncertainty in that earlier ruling, I hereby clarify it to expressly deny the request for costs and fees associated with any deposition of the plaintiff's expert.

Second, the defendants are not put to any greater expense as a result of the approximately 3-1/2 month delay in the plaintiff's expert report. The defendants apparently believe that a deposition of the plaintiff's expert is necessary based upon his complete report, and there is no reason to believe that the same deposition would not have been required had that expert report been disclosed earlier. Thus, the delay in obtaining the report has not resulted in a deposition that would not have been required if the report had been timely made.

IT IS ORDERED that the Motion for Clarification is GRANTED.

IT IS FURTHER ORDERED that the request for costs and fees associated with the expert's deposition is DENIED.

Dated June 25, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge